UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VINCENT FERGUSON,

    Plaintiff,

                                  CASE NO.: 5:22-CV-109-JSM-PRL

vs.

J.M. GIBSON MECHANICAL, INC.,

    Defendant.               /

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, VINCENT FERGUSON, ("Plaintiff"), and Defendant, J.M. GIBSON MECHANICAL, INC. ("Defendant") (collectively referred to as "Parties"), jointly request this Court approve the Parties' settlement of the above-captioned matter. Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA") and the Parties seek this Court's approval of the settlement reached. The Parties' executed FLSA Settlement Agreement (the "Settlement Agreement") is attached as Exhibit "A."

    I.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to

the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti*, 715 F. Supp. 2d at 1226. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

II. **Facts and Settlement Terms**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employer, which was

adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel.

The Parties agree the instant action involves several disputed issues. Specifically, Plaintiff claims that he worked through lunches and other breaks without compensation, and was not paid for all compensable drive time, resulting in unpaid overtime wages due. Defendant produced to Plaintiff and his attorney the relevant time records and payroll records, including time clock forms completed by the Plaintiff, and the Defendant contends these records contradict Plaintiff's asserted claims. As such, there are issues as to whether Plaintiff worked overtime for which he was not paid, and if so, whether the Defendant knew or should have known that the Plaintiff worked such hours. The Defendant disputes that the Plaintiff was entitled to receive any additional overtime compensation and that the Plaintiff was paid properly for all hours worked. The Defendant also asserts that even if the Plaintiff were to prove a violation of the FLSA, that he would not be entitled to recover the amount of overtime alleged or liquidated damages.

The Parties engaged in informal discovery to include sharing documents under the FLSA Scheduling Order. Through counsel, the Parties engaged in

several arms-length negotiations in an attempt to resolve this matter without the need for additional litigation. The Parties are mindful of the costs and risks associated with continued litigation. The Plaintiff initially estimated that, at most, he would be entitled to approximately $2,046.00 in overtime compensation should he prevail, plus an equal amount as liquidated damages, based on his records. However, discrepancies in his initial calculations were discovered which warranted a reduction to below this initial estimate. Plaintiff also estimated that he may be due an additional $1,500.00 in overtime for alleged "off-the-clock" work. However, Plaintiff understands that it would be difficult to prove entitlement to this amount. On the other hand, Defendant is also aware of the costs associated with moving forward with litigation and trial. In light of these risks, after exchanging records and engaging in numerous settlement discussions, the case was resolved by counsel for the Parties with the Plaintiff receiving $2,000.00 for unpaid overtime compensation, an equal amount of $2,000.00 for liquidated damages, and $4,500.00 (payable to the Plaintiff's counsel) for attorneys' fees and costs incurred in connection with the instant action. The amount set aside for attorneys' fees and costs was negotiated separately and without regard to the

amount paid to the Plaintiff. As such, the settlement reached results in Plaintiff receiving at or near full relief of his FLSA claims.

The Parties, through their attorneys, voluntarily agreed to the settlement terms of their settlement during negotiations. All Parties were advised and represented by experienced counsel throughout the litigation and settlement process. There is no evidence of fraud or collusion. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendant, and their respective counsel. The settlement negotiated and reached by the Parties reflects a reasonable resolution of the disputed issues and a reasonable means for both Parties to minimize future risks and litigation costs.

### III. Conclusion

The Parties jointly and respectfully request this Court approve the Settlement Agreement of the Parties, and dismiss this instant action between the Parties with prejudice.

Dated: May 24, 2022                                  Respectfully submitted,

| /s/ Kimberly De Arcangelis | /s/ Jeffrey J. Wilcox |
|---|---|
| Kimberly De Arcangelis, Esq. | Jeffrey J. Wilcox |
| Bar No.: 0025871 | Florida Bar No. 0071163 |
| MORGAN & MORGAN, P.A. | jeff.wilcox@hwhlaw.com |
| 20 N. Orange Avenue, 15th Floor | HILL WARD & HENDERSON, P.A. |
| Orlando, Florida 32801 | 101 E. Kennedy Blvd., Suite 3700 |
| Telephone: (407) 420-1414 | Tampa, Florida 33602-2231 |
| Facsimile: (407) 245-3383 | Telephone (813) 221-3900 |
| Email: kimd@forthepeople.com | Facsimile (813) 221-2900 |
| *Attorneys for Plaintiff* | *Attorneys for J.M. Gibson Mechanical, Inc.* |